1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  UNITED STATES OF AMERICA, | No.  2:22-cr-00152-DAD |
| 12            Plaintiff, | ORDER DENYING DEFENDANT NETTLES'S MOTION FOR A REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(2) |
| 13       v. | |
| 14  ONJALE NETTLES, | (Doc. No. 86) |
| 15            Defendant. | |
| 16 | |

17        On March 18, 2024, defendant Onjale Nettles filed a *pro se* motion seeking a reduction of

18  her sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Part A of Amendment 821 to the U.S.

19  Sentencing Guidelines (U.S.S.G.).  (Doc. No. 86.)[1]  On May 14, 2024, the government filed an

20  opposition to that motion.  (Doc. No. 89.)  Defendant Nettles did not file a reply.

21        Because defendant Nettles is not eligible for the relief she seeks pursuant to § 3582(c)(2),

22  the court will deny the pending motion to reduce her sentence.

23  /////

24  /////

25  /////

26  _____

27  [1]  On March 21, 2024, the motion was referred to the Office of the Federal Defender ("FDO") for possible assumption of representation.  (Doc. No. 87.)  On April 29, 2024, the FDO filed a notice indicating that it would not be assuming representation of defendant Nettles with respect to the

28  *pro se* motion pending before the court.  (Doc. No. 88.)

**BACKGROUND**

On January 24, 2023, defendant Nettles entered pleas of guilty to mail fraud in violation of 18 U.S.C. § 1341 and aggravated identity theft in violation of 18 U.S.C. § 1028A as charged in counts 1 and 4 of the indictment in this case.  (Doc. Nos. 60, 63, 69 at 1.)

The presentence report ("PSR") prepared in defendant's case calculated her total offense level as to count 1 (mail fraud) to be 18 and her criminal history category as V (based on a finding of 10 criminal history points as to her prior convictions plus 2 status points for a total criminal history score of 12), resulting in an advisory sentencing guidelines range calling for a term of imprisonment of between 51 and 63 months on Count 1, with a mandatory 2-year consecutive term of imprisonment as to Count 4.  (Doc. Nos. 69 at 8–13; 69-3 at 1.)  At the sentencing hearing on May 16, 2023, the court adopted the findings of the PSR as true and correct, but varied downward from the guideline range on Count 1 and sentenced defendant Nettles to 47 months on that count and the mandatory consecutive term of 24-months on Count 4 for an aggregate term of imprisonment of 71 months, with a 36-month term of supervised release to follow.  (Doc. Nos. 78, 80.)  The court entered judgment on May 31, 2023.  (Doc. No. 80.)

Defendant Nettles contends that she is eligible for a sentence reduction based on Part A of Amendment 821 and U.S.S.G § 4A1.1(e).  (Doc. No. 86 at 1.)  That new provision reduced the number of criminal history points for defendants who had received "status points" under U.S.S.G. § 4A1.1 because they had committed their offense while under a criminal justice sentence and allowed for a reduction of their sentence if otherwise eligible for that relief.

**ANALYSIS**

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'"  *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (quoting *Dillon v. United State*s, 560 U.S. 817, 819 (2010)); *see also* 18 U.S.C. § 3582(c); *United States v. Tadio*, 663 F.3d 1042, 1046 (9th Cir. 2011); *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999) ("[D]istrict courts do not have 'inherent authority' to reconsider sentencing orders.").  "But this general rule is subject to several exceptions."  *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021).  One of those exceptions is found in 18 U.S.C. § 3582(c)(2), which provides:

1

2

3

4

5

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

6

18 U.S.C. § 3582(c)(2).

7

District courts are to engage in a "two-step inquiry" in determining whether a sentence

8

reduction is appropriate under 18 U.S.C. § 3582(c)(2). *United States v. Brito*, 868 F.3d 875, 879

9

(9th Cir. 2017) (citing *Dillon*, 560 U.S. at 826). "First, a district court must determine whether a

10

prisoner is eligible for a sentence reduction under the Commission's policy statement in

11

§ 1B1.10." *Id.* (citing *Dillon*, 560 U.S. at 827). "Second, a district court must 'consider any

12

applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by

13

reference to the policies relevant at step one is warranted in whole or in part under the particular

14

circumstances of the case.'" *Id.* (quoting *Dillon*, 560 U.S. at 827). The Ninth Circuit has "called

15

these steps the 'eligibility prong' and the 'discretionary prong.'" *Id.* (quoting *United States v.*

16

*Dunn*, 728 F.3d 1151, 1157 (9th Cir. 2013)).

17

As noted, defendant Nettles asserts that she is eligible for a reduction of her sentence

18

based on Part A of Amendment 821. (Doc. No. 86 at 1.)[2] The government correctly notes that

19

under the new U.S.S.G. § 4A1.1(e), defendant would be assessed 1 additional status point instead

20

of the 2 she received at the time of her sentencing, but that her criminal history category would

21

remain in category V and her guideline range would remain unchanged. (Doc. No. 89 at 4.)

22

Thus, defendant Nettles is ineligible for relief under 18 U.S.C. § 3582(c)(2). *See United States v.*

23

24

25

26

27

28

---

[2]  Although defendant does not seek a sentence reduction pursuant to Part B of Amendment 821, it is also clear that she is ineligible for relief under that provision. Part B of Amendment 821 reduces the guideline offense level for those defendants who had no criminal history points—so-called zero-point offenders. However, as noted, defendant's PSR reflects that she was found to have 10 criminal history points based upon her prior criminal convictions. (Doc. No. 69 at 13.) Accordingly, defendant is also ineligible for a reduction of her sentence under U.S.S.G. § 4C1.1. *See United States v. Ceasar*, No. 19-402-03, 2024 WL 3729857, at *2 (E.D. Pa. Aug. 8 2024) ("Even one criminal history point renders a defendant ineligible for a reduction in sentence under U.S.S.G. § 4C1.1.").

1  *Muniz*, No. 21-20168-CR-Scola, 2024 WL 3845344, at *2 (S.D. Fla. Aug. 16, 2024) ("Even

2  without status points, Garcia Muniz had seven criminal history points, placing him in criminal

3  history category IV.  Accordingly, § 4A1.1's new status-point-rules have no bearing on Garcia

4  Muniz's criminal history category.  With his criminal history category unchanged, Garcia

5  Muniz's guideline range remains the same.  As such, he is ineligible for a sentence reduction.")

6        Because defendant Nettles is ineligible for a modification of her sentence based on

7  Amendment 821, the court need not proceed to the second step of the § 3582(c)(2) analysis to

8  consider again the § 3553(a) sentencing factors.  *Dillon*, 560 U.S. at 826–27.  The pending motion

9  for a sentence reduction will therefore be denied.

10                                    **CONCLUSION**

11        For the reasons explained above, the court denies defendant Nettles's motion for a

12  reduction of her sentence pursuant to § 3582(c)(2).  (Doc. No. 86.)  The Clerk of the Court is

13  directed to close this case once again.

14        IT IS SO ORDERED.

15  Dated:   **November 13, 2024**

16                                          DALE A. DROZD
                                            UNITED STATES DISTRICT JUDGE
17

18

19

20

21

22

23

24

25

26

27

28